## WEST vs. BALLARD and others.

TAXES: INJUNCTION. (1) *Party aggrieved by taxation, left to remedy at law.* (2) *Equity will not review discretion of taxing officers.* (3) *May restrain unlawful appropriation of funds.*

1. Where the power to levy the tax exists, and plaintiff's property is subject to taxation, *equity* will not, in general, interfere, but will leave a party aggrieved by any errors or irregularities in the assessment, to his appropriate *legal* remedy.
2. The county board, in making the "county assessments," are not required to receive any testimony as to the relative values of property in the several towns, etc., of the county; nor are they bound by the valuation of property in the assessment rolls of such towns, but act upon their own judgment and discretion; and there is no appeal from their determination; nor has equity jurisdiction to set aside or interfere with the assessment thus made, even if corruptly made with intent to compel one town or city to pay more than its rightful proportion of the tax.
3. If the county board has imposed a county tax for a larger amount than is needed to pay the current expenses of the county, with the fraudulent intent (as is alleged in the complaint) of applying the excess

to an unlawful purpose, equity will not interfere to set aside the assessment; but, if the board shall vote to pay out any part of the money to such unlawful purpose, and there shall appear to be no adequate legal remedy, equity will then interfere to prevent such payment.

APPEAL from the Circuit Court for *Outagamie* County.

The complaint alleges that the plaintiff is a resident and tax-payer of the city of Appleton, and brings this action on behalf of himself and all persons having a common interest in the questions involved therein. It further alleges that the assessor of the city of Appleton assessed the taxable property therein for the year 1871 at its full cash value, while the assessors of the several towns in Outagamie county for that year corruptly and fraudulently assessed the taxable property in their respective towns at one-fifth to one-third of the true cash value thereof, thereby making the assessed value of the taxable property in Appleton equal to nearly one-half of the whole assessed value of all the taxable property in the county, while in fact the relative value of such taxable property in Appleton for the year 1871 did not exceed one-fourth, and, as the plaintiff believes, did not exceed one-fifth, of the value of all the taxable property in said county. It is further charged that for the purpose of casting upon the city of Appleton more than its just proportion of the burdens of taxation, the board of supervisors of Outagamie county, at their annual meeting in November, 1871, corruptly and fraudulently so made the county assessment as to impose upon that city about thirty-eight per cent. of all the state and county taxes for that year levied upon the whole county, although the board well knew that the value of the taxable property in the city did not exceed one-fifth of the value of the taxable property in the county; and that by reason of such fraudulent and unjust assessment the tax-payers in said city were required to pay about $10,000 more than their just proportion of the state and county taxes for that year.

The complaint further charges that it was not necessary to

raise more than $10,000 to defray the current expenses of the county for the year 1872, yet the board levied a tax of $25,000 for that purpose, but with the fraudulent intent of applying the excess, when collected, to the purposes specified in ch. 117, Laws of 1869, as amended by ch. 19, Laws of 1871, which amendment is claimed to be unconstitutional. Hence it is alleged that this excess of $15,000 was levied with the intent, on the part of the board, to appropriate the money to an unlawful purpose.

The complaint contains the proper and necessary averments to show that, unless restrained, the officers, defendants, will proceed to levy and collect the tax, and prays an injunction, etc.

The defendants demurred to the complaint for the reasons : 1. That it does not state facts sufficient to constitute a cause of action ; 2. That several causes of action are improperly united ; and, 3. That there is a defect of parties plaintiff.

The circuit court sustained the demurrer on the first ground assigned ; and the plaintiff appealed from the order sustaining the same.

*Warner & Ryan*, for appellant, argued that a tax payer, residing within the limits of a municipal corporation, may maintain an action to restrain the enforcement of an illegal, unjust or inequitable tax. *Weeks v. City of Milwaukee*, 10 Wis., 242. The collection of a tax will be enjoined where the taxing officers have made fraudulent discrimination in the assessment. *Lefferts v. Supervisors, etc.*, 21 Wis., 688. So the relief will be granted where it appears that the estlabished principle of taxation has been violated and that actual injustice will ensue, or that the tax was levied for an unauthorized purpose. *Warden v. Supervisors, etc.*, 14 Wis., 618.

*Myers & Kennedy*, for respondents, contended that a court of equity has no power to enjoin or set aside the proceedings of a subordinate tribunal of special jurisdiction, such as a county board of supervisors, unless the proceedings, affecting realty,

would lead, first, to irreparable injury to the freehold, or, second, to a multiplicity of suits. *Mayor of Brooklyn v. Meserole*, 26 Wend., 132; *Mooers v. Smedley*, 6 Johns. Ch., 28; *Van Doren v. Mayor etc. of New York*, 9 Paige, 388; *Susquehanna Bank v. Supervisors etc.*, 25 N. Y., 312; *Montague v. Horton*, 12 Wis., 599. In the one case the interference may be allowed for the prevention of irreparable injury; in the other, to avoid vexatious litigation. But this case falls within neither branch of the rule. No cloud upon title is shown; the danger, if any, is remote and contingent; and a court of equity will not interfere by injunction upon the mere possibility of danger. *Ballard v. City of Appleton*, 26 Wis., 67. The principle contended for in the complaint would materially retard the collection of the revenues throughout the state, since it would be in the power of a single person, imagining himself aggrieved by an assessment, to bring an action in behalf of himself and other tax payers, and thus restrain indefinitely the collection of the entire tax. In cases of this nature, tax payers have adequate remedies for the protection of their rights without resort to the extraordinary powers of equity.

LYON, J. It is provided by statute that the board of county supervisors shall determine and assess the relative value of all the property subject to taxation in each town, city or village in their county. The same is to be assessed at the full value thereof, according to the best judgment of the board. Tay. Stats., 395, § 8. Such assessment is denominated " the county assessment," and is the basis upon which state and county taxes are apportioned to the several towns, cities and villages of the county.

In making such assessment, the county board, unlike the town boards of equalization, are not required to receive testimony. Although they have before them the equalized assessment rolls of the several towns and municipalities in the county, they are not bound in any respect by the valuations of property therein

contained.   Hence the alleged fraudulent conduct of the assessor in making an undervaluation of the taxable property in the several towns of the county is quite immaterial.   These assessment rolls are chiefly valuable to the county board for the statistical information which they furnish.   The county assessment is purely the result of the collective judgment and discretion of the county board; and the power to make it is fully and absolutely vested in that body, without qualification or restriction, or right of appeal from their determination.   It is in the nature of a legislative power, and certainly the power of a legislature to make or enact laws is not more plenary than the power of the board of county supervisors to make or enact the county assessment.   And inasmuch as a court of equity could not set aside a statute enacted by the legislature because a majority of the members thereof were actuated by corrupt and fraudulent motives in enacting it, so it seems to me that the court cannot for a like cause set aside the assessment in question, or interfere with it.   We have not been referred to a case, and after considerable examination have been unable to find one, which holds that a court of equity will take cognizance of a case like this.

Where the power to levy the tax exists, and the property is subject to taxation, as a general rule a court of equity ought not to interfere, but should leave a party aggrieved by any errors or irregularities in the assessment to resort to some appropriate legal remedy.   Dillon on Corp., § 737.   Here the power to make the county assessment, and the liability of the property to taxation, are undisputed.

The result of holding that the court ought to exert its equity powers in this case, and restrain the collection of the taxes assessed in the city of Appleton in excess of its just proportion thereof, would be to transfer to the courts the powers and duties of the board of supervisors in respect to county assessments; because it would be necessary for the courts to determine in each case the amount of taxes which each town and

West vs. Ballard and others.

municipality in the county ought to pay, and to adjudge accordingly.

In the absence of precedent or authority, and in view of the embarrassments in the collection of the public revenues which would inevitably result were courts of equity to take cognizance of such actions as the present one, we are constrained to hold against the jurisdiction.

It seems almost incredible that any board of county supervisors could be guilty of the fraudulent conduct imputed in the complaint; but if such a case should ever occur, a sound public policy demands that individuals or municipalities aggrieved should be remitted to their appropriate remedy in a court of law, rather than that the extraordinary powers of a court of equity should be exerted in their behalf at the risk of impeding the necessary operations of the government.

The foregoing observations are mainly applicable to that branch of the complaint which charges that the county assessment was unjustly and fraudulently made. As to the other allegation in the complaint, which is to the effect that the board levied $15,000 more of county taxes than was necessary, with the intent (as the plaintiff believes) of appropriating the money, when raised, to an unlawful purpose, it is only necessary to say that if the board shall hereafter vote to pay out this money, or any portion of it, for a purpose unauthorized by law, and the court is unable to give an adequate legal remedy to prevent the unlawful payment, its equity powers may be successfully invoked to that end. But the complaint fails to show that any cause of action in that behalf has yet accrued. See *Judd v. The Town of Fox Lake*, 28 Wis., 583.

Our conclusion is, that the complaint fails to state facts sufficient to constitute a cause of action, and that the order of the circuit court sustaining the demurrer thereto must be affirmed.

*By the Court.*— Order affirmed.