Outagamie County vs. The Town of Greenville.

Outagamie County, Respondent, vs. The Town of Green-
ville, Appellant.

*May 21 — June 21, 1890.*

*Taxation: Review of equalization of assessments: Allowance of accounts
of commissioners: Liability of town for expenses of commission.*

1. Where the decision of commissioners appointed to review the equal-
ization of assessments does not operate to reduce the amount of
taxes to be paid by the town applying for their appointment, it is
" adverse" to such town, within the meaning of sec. 4, ch. 291, Laws
of 1880, and renders it liable to reimburse the county for the ex-
penses of the commission.

2. An error of the commissioners, in increasing the aggregate valuation
of property contrary to law, would not defeat their right to com-
pensation.

3. The valuations of the real and the personal property as fixed by the
county board were placed in separate columns, and a third column
purported to contain the aggregate of such valuations for each town
and city. *Held,* that errors of computation in such third column
did not affect the actual valuations contained in the other two; and
where the aggregate of such valuations was not increased by the
commissioners appointed to review the equalization, a mistake of
the county clerk in computing the taxes to be raised by the several
towns and cities on the basis of the erroneous total of the third col-
umn, even though it reduced the amount to be raised in the town
which applied for the appointment of the commissioners, could not
affect the liability of such town for the expenses of the commission.

4. In the absence of fraud or collusion, and where there has been a sub-
stantial compliance with the statute, the allowance by the county
board of the accounts of the commissioners for their services and
expenses is binding upon the town which is chargeable therewith.

5. But if such accounts are not properly itemized as required by sec. 677,
R. S., their allowance by the county board is not binding upon such
town.

6. An account for " seventy days' service as commissioner, $280," and one
for "fifty days' service of livery for commissioners, at $4.50 = $225,"
it appearing that such services were performed between May 9 and
August 8, 1888, are *held* to have been sufficiently itemized, although
they did not give the date of each day's service. But an account
for "hotel expenses and railroad fare, etc., $171.42 " is *held* not suffi-
ciently itemized.

7. The commissioners, being empowered by sec. 2, ch. 212, Laws of 1882, to conduct their proceedings "after the usual manner of a judicial hearing," may, within reasonable limits, make a view of the real estate in the county, and will be entitled to their *per diem* and necessary expenses while so engaged.

APPEAL from the Circuit Court for *Outagamie* County.

The defendant, the town of *Greenville*, which is one of the towns of the plaintiff county, made application to the judge of the circuit court to appoint commissioners to review the assessment for taxation for the year 1887 of the real estate in that county, as equalized by the county board of supervisors. The application was made pursuant to ch. 291, Laws of 1880, as amended by ch. 212, Laws of 1882. Commissioners were thereupon appointed, and on August 8, 1888, filed their report with the county clerk. They increased or diminished the valuations of real estate as equalized by the county board, in ten towns and cities of the county, but did not change such valuation in the town of *Greenville.*

Thereafter each of the commissioners presented his verified account for services and expenses to the county board for allowance, and the same were allowed by the board and afterwards paid by the county. The board also allowed and paid a verified account for the hire of a team used by the commissioners in the performance of their duties. These accounts aggregate $1,538.40. One of them is for seventy days' service as commissioner, $280, and for "hotel expenses and railroad fare, etc., $171.42." The accounts of the other commissioners are in the same form, but for different amounts. The livery bill is for "fifty days' service of livery for commissioners, at $4.50=$225."

This action was brought by the county to recover of the town of *Greenville* the amount so paid for such services and expenses of the commission. The county recovered judgment for the sum claimed, and the town appeals from the judgment.

Outagamie County vs. The Town of Greenville.

· *I. C. Sloan,* for the appellant.

For the respondent there was a brief by *John Goodland,* district attorney, and *John Bottensek,* and oral argument by. *Mr. Bottensek.*

LYON, J.  I.  Sec. 4, ch. 291, Laws of 1880, provides that if the decision of the commissioners appointed to review the equalization of assessments for taxation made by the county board of supervisors " is adverse to the city, town, or village making the appeal, such city, town, or village shall reimburse the county for all expenses so paid."  The object of such an appeal is to procure a reduction of the state and county taxes which the city, town, or village so appealing would be required to pay were the taxes levied upon the assessments as equalized by the county board.  Failing to accomplish that purpose, the appellant fails in its appeal. In the present case, the equalization of the commissioners does not operate to reduce the amount of such taxes which the town of *Greenville* would have been required to pay had the same been levied upon the assessments as equalized by the county board.  Hence the decision of the commissioners was adverse to the town, and it is liable to the county for the expenses of the commission, unless relieved therefrom by some fatal error in the proceedings.

It may here be observed that the law relating to liability for expenses in such cases has been materially changed by the enactment of ch. 201, Laws of 1889; but that statute has no application to this case.  The present law on this subject is contained in secs. 1077$a$, 1077$b$, S. & B. Ann. Stats.

II.  It is claimed on behalf of the defendant town that the commissioners increased the aggregate valuation of taxable property in the county as equalized by the county board of supervisors, to the amount of $10,606, in violation of sec. 1, ch. 291, Laws of 1880, and hence that they

are entitled to no compensation for their services and expenses. Were it true that they so increased the valuation, it is not perceived that the error works a forfeiture of their right to such compensation. It frequently happens, in practice, that the reports of referees are set aside for errors in their procedure, but we are not aware that it was ever held, and have never heard it claimed, that such errors defeated the right of the referees to compensation for their services. We discover no difference in principle between the case of a referee in an action and commissioners acting under the above statutes respecting their right to compensation.

But we do not think the commissioners increased the aggregate valuation of taxable property fixed by the county board. Such valuation is found in a table containing in one column the valuation of real estate, and in another of personal property in each town and city in the county. A third column contains what purports to be the aggregate of such valuations of real and personal property in each of such towns and cities. The column of such aggregates is correctly footed in the table at $8,300,900. The other columns are not footed. The aggregate of real estate therein is $6,419,852, and the commissioners equalized it at the same figures. The appeal being only from the equalization of real estate by the county board, the commissioners did not interfere with the valuations of personal property. Such valuation is $1,891,654, which, added to the real estate valuations, makes an aggregate of $8,311,506, or $10,606 in excess of the sum of the aggregates in the third column of the table. This discrepancy is caused by errors in adding together, in the third column, the valuations of real and personal property in the city of Kaukauna and the towns of Dale and Deer Creek, and inserting in such third column amounts less than the true amounts by $10,000, $600, and $6, respectively. Had the true aggregates been carried

into the third column, it would foot ˙9,311,506, which is the sum of the two columns of valuations.

We agree with the learned circuit judge that the two columns of valuations contain the real decision and judgment of the county board, the third column being merely the result of the clerical act of combining the other two, and hence that errors of computation in making up that column do not affect the actual valuations contained in the other two, the aggregate of which was not increased by the commissioners. We regard it immaterial that the county clerk computed the state and county taxes to be raised by the several towns and cities in the county on the erroneous basis of $8,300,900, even though that computation would, as it is claimed, reduce the taxes to be raised in the defendant town a trifle. The mistake of the clerk in that behalf cannot affect the liability of the town for the expenses of the commission.

III. To what extent the town is bound by the action of the county board in allowing and paying the accounts of the commissioners for services and expenses, and whether, when sued by the county for the amount so paid, it may controvert the justice, legality, or accuracy of the accounts, are questions which have not been determined in this state. Yet we think the solution of them is not difficult.

The law on the subject which rules this case is found in sec. 4, ch. 291, Laws of 1880. The material portion thereof is as follows: "The said commissioners . . . shall be entitled to receive four dollars each for every day in which they shall be actually employed in the discharge of their said duties, in addition to their actual expenses; the same, with all other expenses connected with the making of the application and the subsequent proceedings, to be audited and allowed as a county charge by the county board of supervisors and to be paid in the same manner as other county charges are paid." Then follows the provision above

cited, requiring the appellant, if the decision of the commissioners is adverse to it, to reimburse the county for such expenses so paid by it.

The above statute confers upon the county board the authority to audit and allow the *per diem* and expenses of the commissioners, earned and incurred by them in the discharge of their duties, and imposes upon it the duty to do so. The statute also requires the county, in the first instance, to pay the sums so allowed, and charges the town with the obligation to reimburse the county for all sums so paid. The town is represented in the county board by its supervisor, who has, presumably, every reasonable opportunity to protect and defend its rights in the matter of allowing the accounts of the commissioners. The town is chargeable with notice of the proceedings, and, had it desired to do so, might have contested the accounts. The town is ultimately liable for such expenses, and the law designates the county board as the tribunal to determine the amount thereof. There is no evidence of any fraud or collusion on the part of the board. If the procedure is in accordance with the requirements of law, it seems very clear that the town should be held bound by the determination of the county board.

This brings us to consider whether the county board proceeded in accordance with the requirements of law. If it did, we see no escape from the conclusion that the town is liable for the whole amount allowed by the board and paid by the county.

It appears from the evidence that the commissioners traveled extensively through the county, making a personal examination of the lands therein to aid them in their decision; that at least fifty days of the time for which they were allowed compensation were spent in so doing; and that the bill for team hire was thereby incurred. It is claimed by the learned counsel for the town that the statute

specifically directs the procedure of the commissioners, but fails to authorize them to make any such extended examination of the lands in the county, and hence they are not entitled to compensation for so doing or for their expenses thus incurred. Counsel further maintains that the accounts in question are not properly itemized as required by statute, and hence that the county board had no authority to act upon them. These propositions will be briefly considered.

1. Sec. 677, R. S., provides that " every person . . . having any such claim [*i. e.*, a claim for money only,— sec. 676] against any county shall make a statement thereof in writing setting forth the nature of his claim and the facts upon which it is founded, and, if the claim be an account, the items thereof separately, and the nature of each. . . . Such statements shall be verified by the affidavit of the claimant, his agent or attorney, and filed with the county clerk; and no such claim against any county shall be acted upon or considered by any county board unless such statement shall have been so made and filed." The former statutes on this subject (R. S. 1849, ch. 10, sec. 32; R. S. 1858, ch. 13, sec. 37) differ somewhat in their phraseology from sec. 677 of the present Revised Statutes. The former statutes seem to have been regarded by this court in *Parker v. Grant Co.* 1 Wis. 414, and *Eaton v. Manitowoc Co.* 40 Wis. 668, as merely directory, and that failure to comply therewith did not go to the jurisdiction of the board to allow an account not thus itemized and verified. The accounts in question in those cases were against the county alone, and in such cases the power of the county board is almost plenary. Whether, in view of the changed phraseology of sec. 677, it ought to be held that the county board has jurisdiction to allow an account chargeable only to the county, which is not itemized or verified as required by that section, is not here determined. We do determine, however, that in this case, in which the action of the board is in-

tended to charge a liability upon the town, such town may insist upon a substantial compliance with the statute, and will not be held liable unless the board has complied therewith.

The charges for services are, we think, sufficiently itemized. The records in the office of the county clerk show that such services were rendered between May 9 and August 8, 1888. The accounts could only have been made more specific by giving the date of each day's service. We do not think this was necessary, although, doubtless, the county board might have required it. The same observations apply to the livery bill. We conclude that as to the *per diem* of the commissioners, and the charge for livery, the accounts are sufficient in form. They are also properly verified.

2. The charges in the accounts of the commissioners for "hotel expenses, railroad fare, etc.," are not itemized as required by sec. 677. By allowing the same in that form, the board failed to charge the town therewith. This is the necessary result of the rules above stated.

3. Are the charges for viewing the real estate of the county legal charges against the town? The statute under which this question must be determined is sec. 2, ch. 212, Laws of 1882 (1 S. & B. Ann. Stats. sec. 1077b). That section, after some particular specifications of the duties of commissioners, confers upon them the power to conduct their proceedings "after the usual manner of a judicial hearing." One of the usual methods of conducting a judicial hearing is for the court or jury to view the property or thing in controversy, when that course is deemed essential to a correct understanding of the testimony in the case. Moreover, the commissioners exercise to some extent the functions of assessors, for on a larger scale they are required to determine the relative value of taxable property in the county. Sec. 1052, R. S., contemplates that assessors shall fix the value of real estate upon actual view thereof, as far

as practicable. At least it authorizes them to make such view. The value of a general view of the real estate in the county by the commissioners, in order to enable them to determine the relative value of the real estate in the several towns, cities, and villages thereof, is obvious. From the above considerations we conclude that it is competent for the commissioners, within reasonable limits, to make such view, and hence that they are entitled to their *per diem* and necessary expenses while so engaged.

IV. Some question is made on the evidence whether the commissioners were engaged in the performance of their duties the number of days for which they have been allowed compensation. It follows from what has already been said that we cannot determine that question. There having been no fraud or collusion on the part of the county board, and that board having before it verified accounts in proper form for such services, the allowance of the accounts is a final determination of the amount of services rendered, and binds the town. It is no sufficient answer to this proposition to say that it deprives the town of its day in court on the question of the amount of services rendered by the commissioners. As already stated, the town had its representative in the county board to look after and defend its interests, and it has been fully heard in this action to contest the power of the board to bind it by allowing the accounts and the regularity of the proceedings to that end. This, we think, fulfils all constitutional requirements without further allowing the town to litigate in this action the number of days the commissioners were actually employed in the discharge of their duties.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded with directions to that court to render judgment for the county for the amount of the *per diem* of the commissioners, and the livery bill, allowed by the county board.