State ex rel. Ellis v. Thorne, 112 Wis. 81.

THE STATE EX REL. ELLIS and another, Appellants, vs.
THORNE, County Clerk, Respondent.

*October 18 — November 5, 1901.*

(1-4) *Constitutional law: Taxation: Review of county equalization:*
*Commission: Exercise of judicial power.*  (5) Certiorari: *Return:*
*Judgment.*

1. The legislature has plenary power to deal with the whole question
   of taxation, subject to the constitutional limitations that taxes can
   be imposed only for public purposes and that the rule of taxation
   must be uniform.  Its power is supreme in the selection of objects
   for taxation, determining the amount of taxes to be levied thereon
   and the purposes thereof, subject to the limitations before indicated,
   and in devising the machinery for assessing the taxable property,
   imposing taxes thereon, and collecting and disbursing the same.

2. The enactment of sec. 1077*a*, Stats. 1898, providing for a review of
   the county equalization of the assessed value of property in any
   county, made by the assessors of the various taxing districts
   therein, by a commission appointed by the circuit judge for such
   county, was a legitimate exercise of legislative power over the
   subject of taxation.

3. The commission appointed under sec. 1077*a*, Stats. 1898, is required
   to act judicially, but not in a matter of law or equity within the
   meaning of sec. 2, art. VII, of the constitution.

4. Sec. 2, art. VII, of the constitution, vesting all judicial power in
   matters of law or equity in certain courts, does not prohibit offi-
   cers other than those holding judicial positions, strictly so called,
   from acting judicially.  It only prohibits them from acting judi-
   cially in actions at law or in equity; that is, from doing those
   things which were done in actions at law or suits in equity, accord-
   ing to the system of jurisprudence which prevailed in this state at
   the time of the adoption of the constitution.

5. A common-law writ of *certiorari* calls for the record of the proceed-
   ings challenged on jurisdictional grounds.  The return to the writ
   imports absolute verity so far as it is responsive thereto.  The alle-
   gations upon which the writ was founded, recited therein and not
   responded to by the return, are deemed to be true.  Neither affida-
   vits nor proofs of any kind, contradicting the return, can properly
   be considered in determining a *certiorari* proceeding.  After the

return to the writ has been made, the court must give judgment upon the record of the challenged proceedings as it appears thereby, either on the merits or by quashing the writ.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Marinette county: S. D. HASTINGS, JR., Circuit Judge. ` *Affirmed.*

Proceedings were taken, under secs. 1077*a*, 1077*b*, Stats. 1898, to review the action of the county board of Marinette county equalizing the assessed valuation of the property of the various taxing districts therein for the year 1897. A writ of *certiorari* was duly sued out of the proper circuit court to test the validity of such proceedings. The petition for the writ contained, among other things, the following statements, in substance: The county board of Marinette county, on November 9, 1897, in due form equalized the assessed valuation of the property in said county for the apportionment of the state and county taxes for such year. June 7, 1898, the city of Marinette, one of the taxing districts of such county, through and by authority of its common council, applied for the appointment of commissioners to review such equalization pursuant to the statutes on that subject (secs. 1077*a*, 1077*b*, Stats. 1898). The circuit judge to whom the application was made acted thereon without any notice having been served upon any member of the county board in said county pursuant to sec. 1077*a*. The commissioners were appointed, as asked for in the petition, June 7, 1899. The commission thus created filed a determination with the county clerk of Marinette county November 21, 1899. The commissioners held their meetings and conducted their proceedings without notice to the clerks of the towns interested. The determination of the commissioners was not filed till after the state and county taxes for 1899 had been apportioned by the county board. They did not, within three months after receiving notice of their appointment, file their determination with the county clerk.

For a return to the writ, respondent presented the petition for the appointment of commissioners, which petition complied with the statutory requisites, a notice in writing to the county board as required by the statute, a notice of hearing before the commissioners, with proof of the service thereof pursuant to sec. 1077b, the order appointing the commissioners, the oaths of the commissioners required by law, and their final determination. The notice of the application for commissioners was for November 5, 1898. The order showed that the appointment was made June 7, 1899. It recited as facts that due proof was made, on the return day of the application, of service of notice thereof; that action was deferred because the attorney for the petitioner suggested that such course might be taken, as there was a prospect of a settlement of the controversy; that later, it appearing that no settlement had been made, and such attorney having requested action upon the petition, commissioners were appointed as prayed for.

The *certiorari* proceedings were duly noticed for trial at a special term of the circuit court, and an order to show cause why the writ should not be quashed was made returnable at the same time. Several affidavits were presented in support of the motion in regard to the proceedings to obtain the appointment of the commissioners and the manner in which they performed their duties; also affidavits in regard to the value of property in the county, and other matters not of record. The proceedings were heard upon the merits and the motion at the same time. The court decided that the appointment of the commissioners and their determination were valid, and thereupon affirmed the same and quashed the writ of *certiorari*. From such determination an appeal was taken to this court.

For the appellants there was a brief by *Quarles, Spence & Quarles,* and oral argument by *T. W. Spence.* They contended, *inter alia,* that the law for the appointment of a

commission of equalization undertakes to create a judicial tribunal in violation of the constitution. In order that a revision of assessments or apportionments be deemed a part of the administrative or executive branches of the government, they must be completed before they are to go into execution. If a correction of a consummated wrong is to be had under our system of government, it can only be accomplished through a court of some kind. *Att'y Gen. v. McDonald,* 3 Wis. 805; *Gough v. Dorsey,* 27 Wis. 119; *Milwaukee I. School v. Milwaukee Co.* 40 Wis. 328; *Van Slyke v. Trempealeau Co. F. M. F. Ins. Co.* 39 Wis. 390. The law is unconstitutional in authorizing the taking of private property without due process of law. The county is but a nominal party to this proceeding. It has no corporate interest in the result. The parties adversely or favorably affected are the inhabitants of the towns, cities, and villages, who can only be properly represented by proper town, city, or village officers, or in person. A law which provides for imposing a liability or making a charge against them, without notice, is manifestly in violation of the constitutional protection to property rights. Amendm. Const. of U. S. art. V; Const. Wis. art. I, sec. 13; *Hennessey v. Volkening,* 30 Abb. N. C. 100; *State ex rel. Blaisdell v. Billings,* 55 Minn. 475; *People ex rel. Witherbee v. Essex Co.* 70 N. Y. 228; *Stuart v. Palmer,* 74 N. Y. 183; *Garvin v. Daussman,* 114 Ind. 429.

For the respondent there was a brief by *M. J. Feeney,* city attorney, and *Eastman & Martineau,* of counsel, and oral argument by *P. Martineau* and *J. O. Miller.*

MARSHALL, J. This appeal turns on whether the statute of this state (sec. 1077*a,* Stats. 1898) is unconstitutional, providing for the appointment of commissioners by the circuit judge of any county, on petition as therein indicated, presented to such judge within one year after the county assessment of property in any year, for the apportionment of

State ex rel. Ellis v. Thorne, 112 Wis. 81.

county and state taxes pursuant to sec. 1073, to review such assessment and correct it if justice shall so require, their determination to be final, and the inequalities, if any, in the taxes apportioned on the unjust assessment to be corrected in the next year's apportionment of state and county taxes as therein provided. Appellant insists that such statute violates sec. 2, art. VII, of the constitution, vesting "the judicial power of this state, both as to matters of law and equity," "in a supreme court, circuit courts, courts of probate, and in justices of the peace," and such municipal courts as the legislature may see fit to establish.

It is considered that counsel's contention cannot be sustained unless we overrule *State ex rel. Brown Co. v. Myers*, 52 Wis. 628. True, as claimed by counsel, the law was not there challenged as unconstitutional on the precise ground now presented for consideration, but the principle upon which the decision turned covers the point now made as clearly as the one that invoked the judicial declaration thereof. The decision is to the effect that the legislature has plenary power over the whole subject of taxation within constitutional limitations; that it may select the objects of taxation, determine the amount of taxes that shall be levied and the particular purpose or purposes the same shall be devoted to, the manner in which property shall be valued for taxation; that it may establish the necessary taxing districts and provide for the selection of all the public agencies for the collection, return, and expenditure of the public revenues. The law, said the court, "does not seem open to any constitutional objection; for this whole matter is within the control of the legislature, which, doubtless, might abolish the present system and create a state board for the assessment and equalization of the value of the taxable property of the state. At all events, such a law would be within the constitutional power of the legislature." No reason is perceived why the principle thus broadly stated should be re-

stricted in any degree. From time immemorial the taxing power has been regarded as an incident of sovereignty, and that branch of the government upon which is conferred the power to make law has been supposed to possess, by implication, authority to tax persons and property for public purposes, and to do all things necessary to fully exercise such power. Said Mr. Justice FIELD, in *Meriwether v. Garrett*, 102 U. S. 472, 518: "The power to levy taxes is one which belongs exclusively to the legislative department, and from that it necessarily follows that the regulation and control of all the agencies by which taxes are collected must belong to it." This court said in *Knowlton v. Rock Co.* 9 Wis. 410, 418:

"Taxation is the act of laying a tax or imposing these burdens or charges upon persons or property within the state. It is the process or means by which the taxing power is exercised. The power of taxation is one of the essential attributes of sovereignty, and is inherent in and necessary to the very existence of every government. In republics it is vested in the legislature, and in the absence of any constitutional restrictions, may be exercised by them, both as to objects and modes, to any extent which they may deem proper."

Any method of raising the public revenues, by the exercise of the taxing power in the taxation of property, necessarily includes the creation of taxing districts, the valuation of property in such districts, the equalization of values as between the districts, and the apportionment of the whole amount of the public burden between such districts upon the basis of such equalization. The law in question, as said in *State ex rel. Brown Co. v. Myers*, 52 Wis. 628, is in furtherance of justice and fairness in doing one of the things essential to the proper exercise of the taxing power,— the equalization of values.

The idea of counsel for appellant seems to be that, because the commissioners in the performance of their duties must necessarily act judicially, they must be considered, to all in-

tents and purposes, a court, hence an unconstitutional body because not one contemplated by sec. 2, art. VII, of the constitution. That is manifestly wrong. The constitution by no means provides that all authority to act judicially is or shall be vested in some one of the courts therein indicated. The language of the constitution is: " The judicial power of this state, both as to matters of law and equity, shall be vested in" the courts mentioned. The term " matters of law and equity " refers to the administration of the law in actions and proceedings in courts of law and equity,— the exercise of such power in such matters as was exercised by such courts at the time of the adoption of the constitution. As said in *Callanan v. Judd*, 23 Wis. 343, 349, the proper construction of the term " judicial power in matters of law and equity " is such power as the court, under the English and the American systems of jurisprudence, had always exercised in actions at law and in equity. To act judicially, and to act judicially in a matter at law or in equity,— or, in other words, in actions at law or suits in equity,— are not necessarily the same. Every officer or board that is required, in the administration of the law, to determine whether a duty exists, or determine from facts, by the exercise of judgment, a course of action, within legislative restraints or guides, must necessarily act judicially in a sense. The power often partakes so much of the judicial function that it is spoken of as quasi-judicial. Manifestly, an officer or board, or other tribunal other than a court, may act judicially in the sense above mentioned and not to do anything falling within the meaning of the term "judicial power as to matters of law and equity; " and so a judicial officer may perform acts officially outside of such matters,— mere ministerial acts. 17 Am. & Eng. Ency. of Law (2d ed.), 888, notes; *Gleason v. Peerless Mfg. Co.* 1 App. Div. 259; *People v. Bush,* 40 Cal. 346.

We have many examples of what has been said in our

governmental systems. Town boards are authorized by statute, upon notice and hearing, to decide upon propositions to alter the boundaries of school districts (sec. 418, Stats. 1898); and the state superintendent of schools is empowered to review and determine, finally, appeals from such decisions. Sec. 497. Manifestly, as has been held, in the original hearing before the board, and in the hearing on appeal before the superintendent, the exercise of judicial power, in its broad sense, is required. The courts have classed the performance of such duties as quasi-judicial. *State ex rel. Moreland v. Whitford*, 54 Wis. 150. The court there said:

"If the state superintendent in this has judicial power conferred upon him in violation of the constitution, so has the town board; and yet no one has thought of questioning the constitutional power of such a body in such a proceeding."

The members of town boards sit as boards of equalization of the work of the assessors, and, in the performance of their duties as such, act judicially; and, while so acting within their jurisdiction, are protected from personal liability for their acts the same as judicial officers. In *Steele v. Dunham*, 26 Wis. 393, it was held that the commissioners appointed to review the determination of town boards in laying out highways act judicially. *Bellinger v. Gray*, 51 N. Y. 610, and *New York v. Davenport*, 92 N. Y. 604, are to the same effect. A justice of the peace, in the performance of his duties, in appointing such commissioners, acts ministerially. Many more illustrations might be given. It seems clear that the enactment of the law in question was a legitimate exercise of the taxing power by the legislature; that while the mode of equalizing a county assessment provided for requires the exercise of judicial power by a tribunal other than a court, in the sense that the members of the commission must act judicially, the action contemplated is not a matter to be determined in an action at law or suit in equity, or other matter in law or equity, required by the constitution to be left to a constitutional court.

Some questions are presented that cannot be considered on this appeal because they are outside the record, made by the petition for the writ of *certiorari*, the writ, and the return thereto. The circuit court could not properly have considered affidavits presented to impeach or support the return; neither can this court. A common-law writ of *certiorari* calls for the record of the proceeding challenged for want of jurisdiction. If the return does not state the whole record in any such case, the proper course is to obtain an amended return, not to impeach it by affidavits or other proof. When the return is complete in any such case, it imports absolute verity. The matters stated therein, which are responsive to the writ, are deemed to be truthfully stated, and the charges not responded to are taken as true. The court, on the hearing, should then proceed upon the assumption that the entire record of the proceeding challenged is before it, rejecting all affidavits and papers or other proof introduced to impeach or support such record. *Baizer v. Lasch*, 28 Wis. 268; *Cassidy v. Millerick*, 52 Wis. 379; *Smith v. Bahr*, 62 Wis. 244; *State ex rel. Gray v. Common Council*, 104 Wis. 622; 4 Ency. of Pl. & Pr. 224.

*By the Court.*— The order appealed from is affirmed.