ROBINSON *v.* WESTOVER.

CONSTITUTIONAL LAW — LOCAL SELF-GOVERNMENT — TAXATION.
The facts in this case involve the construction of Act No. 292,
Pub. Acts 1909, and it is ruled by the preceding case of *Zim-
mer* v. *Board of Sup'rs of Bay Co., ante,* 213.

Certiorari to Muskegon; Sessions, J. Submitted November 12, 1909. (Calendar No. 23,709.) Decided December 21, 1909.

Mandamus by Edwin C. Robinson, assessor of the city of Muskegon, to compel John G. Westover, chairman of the board of supervisors of Muskegon county, to designate a member of a committee on appeals under the provisions of Act No. 292, Pub. Acts 1909. An order granting the writ is reviewed by respondent on writ of certiorari. Reversed.

*J. A. McLaughlin* (*William Carpenter* and *J. E. Turner,* of counsel), for relator.

*Alex. Sutherland* and *Wallace Foote* (*James E. Sullivan,* of counsel), for respondent.

MOORE, J. The following statement of facts is taken from the brief for relator:

"The relator filed his petition in the circuit court for the county of Muskegon, asking for a writ of mandamus to compel the respondent to name a second member of the committee on appeal, in accordance with the provisions of Act No. 292, Pub. Acts 1909. On the hearing before the court a peremptory writ of mandamus was granted in accordance with the prayer in the petition. The respondent has brought the case to this court by certiorari.

"The relator is the assessor of the city of Muskegon, and as such is entitled to a seat in the board of supervisors,

and to all the privileges and powers of supervisors of townships, in the matter of the assessment and levying of taxes, and likewise all the duties incident to taxation incumbent upon the supervisors of townships are imposed upon him. When the matter of equalization of the assessment rolls of the several townships and cities in the county of Muskegon was before the board of supervisors of that county, the members of all the townships voted in favor of the equalization that was adopted, by which $1,224,948 was added to the assessment roll of the city of Muskegon, and $153,503 to the assessment roll of the city of Muskegon Heights, and $970,371 was deducted from the assessment rolls of the several townships in the county, ranging in amount from $6,030 to $136,415. All the representatives of the cities of Muskegon and Muskegon Heights objected to and voted against the equalization. Within the time prescribed by Act No. 292, Pub. Acts 1909, and in compliance with all the provisions of that act, the relator, who is the assessor of the city of Muskegon, appealed from the determination of the board to the committee on appeal provided for in that act, and named a member of that committee. Subsequently four other supervisors of certain townships in the county, who had voted in favor of the equalization, also filed petitions for appeal, and named different persons as members of the committee on appeal. The relator's appeal was properly taken, but the respondent, who is the chairman of the board of supervisors, declined to name a second member of the committee, alleging as his reasons therefor:

"*First.* That the relator is not a supervisor within the meaning of Act No. 292, Pub. Acts 1909, and therefore is not entitled to appeal.

"*Second.* That other supervisors had also filed petitions for appeal, and that Act No. 292 cannot be carried into effect where different supervisors of a county appeal from the equalization of the board of supervisors, and different ex-supervisors of adjoining counties have been named, or are named by such appealing supervisors, as members of the committee on appeal.

"*Third.* That Act No. 292 is unconstitutional as being subversive of the constitutional right of local self-government.

"*Fourth.* That none of the people of the county of Muskegon are represented in any of the members of the committee on appeal, and that the act is void as violating the right of taxation without representation.

"*Fifth.* That the members of the committee on appeal are not required to take the constitutional oath of office.

" *Sixth.* That the legislature had no authority to delegate judicial and administrative power to the committee on appeal, and therefore the act is unconstitutional.

" *Seventh.* That such committee on appeal is not such a fair and impartial tribunal as is contemplated by the Constitution and genius of our State government, and so is void.

" *Eighth.* That the committee on appeal has no power to subpœna witnesses, nor to inform itself in a judicial manner as to the relative value of all the taxable property in the county of Muskegon, and therefore the act is inoperative and void."

There are other questions sought to be raised in this court; but, as they were not presented in the court below, they will not be considered here.

It is unnecessary to discuss the questions involved, for the reason that all of them are controlled by the opinion in *Zimmer* v. *Board of Sup'rs of Bay Co., ante,* 213 (123 N. W. 899).

The judgment of the court below is reversed.

BLAIR, C. J., and OSTRANDER, HOOKER, and BROOKE, JJ., concurred.