[Civil No. 3979.  Filed March 28, 1938.]

[77 Pac. (2d) 810.]

RAYMOND MERCADO and CORA MERCADO, His Wife, Petitioners, v. SUPERIOR COURT OF PIMA COUNTY, ARIZONA, and HON. WM. G. HALL, Judge, Respondents.

Mr. Edward Aboud, for Petitioners.

Messrs. Hummel, Hummel & Wyatt, for Respondents.

LOCKWOOD, J.—Raymond Mercado and Cora Mercado, his wife, hereinafter called petitioners, made ap-

plication to this court for a writ of *certiorari,* directed to the superior court of Pima county, and the Honorable WM. G. HALL, judge thereof. The allegations of their petition in support of the application are as follows: On June 18, 1937, Wert C. Fenter and Floss Fenter, his wife, hereinafter called plaintiffs, sued petitioners in the justice court of Tucson precinct, Pima county, for the sum of $48 alleged to be rent due from petitioners to plaintiffs. The case came on for trial on the 27th day of October, and judgment was rendered by the justice of the peace in favor of petitioners. On the next day, October 28th, plaintiffs gave written notice of appeal to the superior court of Pima county, and gave to the justice of the peace a check in the sum of $20, whereupon the record was certified and transmitted by the justice to the superior court. Thereafter petitioners moved to dismiss the appeal to the superior court for want of jurisdiction, in that the appeal was not duly perfected because no bond on appeal had been filed by the plaintiffs, as required by sections 1465, 4204, Revised Code 1928. The court heard the motion to dismiss the appeal and denied it, giving petitioners ten days to answer the amended complaint filed by the plaintiffs in the superior court, whereupon petitioners, believing that the superior court, for the reasons aforesaid, was without jurisdiction to hear the appeal and that there was no other remedy available to them, have asked for a writ of *certiorari* from this court, based upon the above allegations. The writ was issued, and the record of the proceedings in both the justice and the superior courts were sent up. The respondents moved that the writ be quashed, and the matter is before us on the petition, the return and the motion to quash.

■■ When a writ of *certiorari* is before this court, we are bound by the record sent up from the tribunal whose action we are reviewing as to what actually

occurred therein and may not consider any extraneous matters, such as allegations in the petition or the reply. The record imports absolute verity and is conclusive upon the court. *McClellan* v. *Carland,* 217 U. S. 268, 30 Sup. Ct. 501, 54 L. Ed. 762; 11 C. J. 199, and cases cited. And when the return is made, the court must proceed on the assumption that the entire record of the proceeding challenged is before it, rejecting all affidavits or other proof introduced to impeach or support the record. *State* v. *Thorne,* 112 Wis. 81, 87 N. W. 797, 55 L. R. A. 956. If the parties are of the opinion that the record, as certified, does not show the true situation, the proper course is to obtain an amended return, and not to impeach it by affidavits or other proof. *State* v. *Thorne, supra.*

The record certified to us shows that the plaintiffs filed a complaint against petitioners in the justice court of Tucson precinct, Pima county, seeking to recover the sum of $48 on account of rent. On October 27th the case came on for trial before the justice of the peace sitting without a jury, whereupon oral judgment was rendered in favor of defendants; no formal written judgment being filed. On October 28th the attorneys for the plaintiffs gave written notice of appeal to the superior court, and a cash bond on appeal was filed. The amount of the bond and its terms are not shown. The minutes of the superior court show a motion to dismiss the appeal, an argument, and a denial of the motion, and an order allowing ten days' time for defendants to answer plaintiffs' second amended complaint. The case was thereafter passed indefinitely, presumably to await a determination of the present proceeding in this court.

The questions before us are: (a) What is necessary to perfect an appeal from the justice court to the superior court in a case of the nature set forth herein; and (b) have the requisites for such an appeal been

complied with? The sections of the statute governing these questions are 4204, 1465, 342, and 4208, Revised Code 1928. These sections read as follows:

"§ 4204. *Notice in open court or in writing; bond.* The party appealing shall give notice thereof in open court at the time the judgment is rendered, or by serving a written notice thereof upon the adverse party, within five days thereafter, and shall within ten days from the date of the judgment, file with the justice a bond to be approved by the justice, in double the amount of the judgment, payable to the appellee, conditioned that the appellant shall prosecute his appeal to effect, and shall satisfy the judgment which may be rendered against him on such appeal."

"§ 1465. *Deposit for costs in justice court.* Each justice of the peace may require the plaintiff in a civil action, at the time of the commencement of the action, to deposit not exceeding ten dollars to be applied toward the payment of the costs incurred in such action; and in like manner may require the defendant at the time of filing his answer or entering his appearance to make a deposit not exceeding five dollars, to be applied to the fees and costs incurred by the defendant; provided, however, that in all civil actions, other than on an assigned claim, brought for recovery of money only, where the amount in controversy, exclusive of interest and costs, does not exceed the sum of fifty dollars, no fees whatever shall be required, except one dollar to be paid by the plaintiff when instituting action, and one dollar to be paid by the defendant when entering appearance, the same to include all constable's or sheriff's fees; but in all actions included within the terms of this proviso where a right of appeal to the superior court exists, and a party is desirous of taking such an appeal, no appeal shall be taken until such party has either paid into court the sum of twenty dollars as and for an attorney's fee to the adverse party, or has secured the payment of the same by a good and sufficient bond with two sureties, to be approved by the justice of the peace in double the amount of the judgment, costs and attorney's fees, payable to the adverse party and conditioned that the appellant shall prosecute his appeal to effect, and shall

pay and satisfy the judgment which may be rendered against him on such appeal with costs and attorney's fee.''

''§ 342. *Money deposit in lieu of bond.* Wherever, in any civil or criminal matter or proceeding a bond is required of any party thereto, instead of giving such bond the said party may deposit with the court in which the matter or proceeding is pending, lawful money of the United States in the sum required in the bond, and the same shall be accepted in lieu of such bond. If the party shall have given bond, he may before the forfeiture of the same, in like manner, deposit the sum mentioned in the bond, whereupon the bond shall be exonerated. A party having deposited money in lieu of giving bond, may before forfeiture of the same, withdraw said money upon the giving and approval of a sufficient bond.''

''§ 4208. *No dismissal for defective bond.* No appeal shall be dismissed or the judgment affirmed by reason of any defect, informality or insufficiency of the appeal bond, if the appellant shall, within such time and upon such terms as the court may fix, file a legal and sufficient bond.''

It will be noted that section 4204, *supra,* is general in its nature and applies to all appeals from a justice court to a superior court, while section 1465, *supra,* is special in its nature, and so far as appeals are concerned covers only a certain class of cases where the amount in controversy does not exceed the sum of fifty dollars. We have held in the very recent case of *Moore* v. *Farmers Mut. Mfg. & Ginning Co., ante,* p. 378, 77 Pac. (2d) 209, decided March 14th, that where, in a code or statute, there are two provisions applicable to the same subject, one general in its scope and the other covering a limited portion only of the subject included in the general one, the special statute is to be considered as governing the exception, while the general statute applies only to matters not included in the special one. We think this is applicable to the present situation and hold that an appeal from a justice court which falls within the provisions

of section 1465, *supra*, is perfected in the manner set forth in that section, and not as set forth in section 4204, *supra*. It was, therefore, necessary for the plaintiffs, in order to perfect their appeal, either to pay into court the sum of twenty dollars as an attorney's fee for the adverse party, or to secure its payment by a bond to be approved by the justice of the peace, in double the amount of the judgment, costs, and attorney's fee, with the conditions set forth in section 1465, *supra*. Section 342, *supra*, provides that whenever a bond is required in any civil or criminal matter, the party may deposit with the court cash in the amount of the penalty of the bond, and the same shall be accepted in lieu of the bond required by the statute. The record shows that a cash bond on appeal was given in the justice court. We must presume, in the absence of anything in the record to the contrary, that this bond was in lieu of the bond authorized by section 1465, *supra*, and in the proper amount. If this is not the case, the contrary may be shown only by an amendment of the return of the justice court, and not by allegations in the petition or affidavits in support thereof. Such being the case, it appears affirmatively that the statute governing an appeal in a case of the nature shown by the record was complied with, and if it were, the superior court had jurisdiction of the action for all purposes on appeal.

■■ But even should it appear that there was an insufficiency in the amount of cash deposited, we think petitioners are in no position to ask that the appeal be dismissed on that ground. Their remedy was under section 4208, *supra*, which clearly forbids the dismissal of an appeal for the insufficiency or defect of an appeal bond if the appellant shall, within the time fixed by the court, file a legal and sufficient bond. We think this applies to a cash bond as well as one with sureties, and there is nothing in the record

to show that a motion was ever made requesting that appellants correct any irregularity or deficiency in the bond, or that the court ordered that it be done.

The writ of *certiorari* heretofore issued is quashed.

McALISTER, C. J., and ROSS, J., concur.