STATE EX REL. ATTORNEY GENERAL VS. HAMMERLUND, City Clerk.

*December 8, 1914—January 12, 1915.*

*Taxation: Reassessment: Collecting cost from taxing district: Constitutional law.*

1. Sec. 1087—55, Stats., providing that the cost of a reassessment made by order of the tax commission shall be collected from the assessment district in which the reassessment was made, and returned to the state, is valid.

2. The cost of such a reassessment is not a state expense incurred for state purposes, but a local expense for local purposes, incurred through state agency in order to correct a violation by local officers of the law relating to assessments; hence the provision that the state be reimbursed by the district does not violate the constitutional requirement that the rule of taxation shall be uniform. Const. art. VIII, sec. 1.

. MANDAMUS action to compel the city clerk of the city of Janesville, Wisconsin, to extend upon the tax roll of such city the duly ascertained and certified indebtedness of said city for the expense of a reassessment under sec. 1087—45 to sec. 1087—57, Stats.

The law authorizes the tax commission, upon its appearing thereto that the assessment of property in any assessment district is not in substantial compliance with the statutes, and that the interest of the public will be promoted by a reassessment, to cause one to be made by its own appointees and to be reviewed and corrected by a board of review appointed by it, the expense to be audited as specially provided and paid, in form, as a demand against the state, but, in fact, on account of liability of the taxing district reassessed; the same to constitute indebtedness to the state, bearing interest at the rate of six per cent. per annum, and be certified to such district by way of the county clerk of the county within which it is situated, to be spread upon the next tax roll, collected in due course, and returned to the state to reimburse it for expenses incurred on behalf of such district.

The amount of the cost of the reassessment in question, audited, paid out of the state treasury, and certified to the city clerk of the city of Janesville in manner aforesaid, was $2,696.50 principal and $155.05 interest. Such clerk refused to comply with the command of the statute as to extending the same upon the tax roll. Pursuant to a petition exhibiting the facts, an alternative writ of *mandamus* was issued to coerce him in the matter. Issue was joined by a motion to quash the writ.

The cause was submitted for the plaintiff on the brief of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and for the defendant on that of *W. H. Dougherty* and *John Cunningham.*

MARSHALL, J. Whether, in general, the reassessment law is constitutional, is ruled in the affirmative by *State ex rel. Hessey v. Daniels,* 143 Wis. 649, 128 N. W. 565. I did not fully agree therewith and, as an original proposition, I could not now; but the court has spoken and is now firmly of the opinion that its conclusion is sound.

The former decision, though it did not expressly touch the particular detail of the law which gave rise to this litigation, by necessary inference, included it. A conclusion, in general, in favor of a law, as to its constitutionality, carries with it the means provided therein which are necessary to its vitality, such as expenses of administration.

The attack now made upon the reassessment law, is grounded upon the idea that it deals with state administration for state purposes, with state expense, and the imposition of such expense upon particular taxing districts. If the assumed premises be right in fact, the conclusion contended for would challenge serious attention. Are they right?

The legislature did not intend to feature the plan for reassessment as a state affair other than as to making the tax commission an instrumentality for the correction of improper local administration,—a remedy for a violation of law by local officers. That is the logic of *State ex rel. Hessey v. Daniels, supra,* which rules this case, as before indicated, in favor of respondent; but we will discuss briefly the particular detail of the law, showing that, neither expressly nor inferentially, does it deal with state expenses, as assumed by counsel.

The primary duty of making such an assessment as the law requires, rests with local authority. The duty of bearing the

burden of executing the law and the duty, if the legislature so wills, of bearing that of remedying its default is incidental thereto. The idea of the statute in question is that payment of the expenses of correcting a local violation of the law as to assessment of property for taxation, is a proper penalty for the infraction and one which it would be unjust to cast upon the state in general. So payment for the services rendered in making a reassessment, out of the state treasury, and later reimbursing the state fund from the proceeds of a local tax, is a mere convenient method of, in practical effect, paying the expenses out of the local treasury.

True the statute speaks of paying the claims growing out of a reassessment proceeding as "other claims against the state are audited and paid," and of the amount so paid constituting "an indebtedness of the district in which such reassessment was made to the state of Wisconsin;" but that is merely *descriptio* of administrative details and not a characterization of the expense as an outlay for state purposes.

The real intent of the legislature is to be looked for. From that viewpoint it is easily seen, notwithstanding the term used in the law, that the expense of a reassessment is a local creation by state agency,—a local, not a state expense. In paying it,—though the form is the same as that of paying claims against the state,—the act, in practical effect, is merely that of taking over, by the state of the claims for doing the work for the locality, which equitably constitute a local burden, and by force of the statute, are made such legally. So it is considered that the assumed basis for the contention on behalf of defendant is unsound. The law in question does not contemplate imposing state expense, incurred for state purposes, on a particular subdivision of the state, in violation of the constitutional requirement that such expense shall be levied state-wide and on the rule of uniformity. The expense in question is local for local purposes.

*By the Court.*—Ordered, that the motion to quash the alternative writ of *mandamus* be, and the same is overruled, and that a peremptory writ of *mandamus* issue to compel defendant to perform his duty as prayed, due return to such writ to be made with all convenient speed. No costs allowed.