STATE, Appellant, vs. ERICKSON, Respondent.

*February 8—March 4, 1919.*

*Taxation: Reassessment: Refusal of town clerk to deliver roll to reassessors: Penalty.*

Under sec. 1087—46, Stats., providing that the persons appointed by the tax commission to make a reassessment in a district shall, while engaged therein, "be entitled to have custody and possession of the roll containing the original assessment," it is the duty of the town clerk having possession of such roll, and he is required, to deliver it, upon demand, to the persons so appointed, and his wilful neglect or refusal to do so subjects him to the penalty prescribed in sec. 1087—56.

APPEAL from an order of the superior court of Douglas county: SOLON L. PERRIN, Judge. *Reversed.*

This action was brought to recover the forfeiture provided by sec. 1087—56, Stats. The complaint is as follows:

"The plaintiff above named complains of the defendant and for cause of action alleges:

"1. That the defendant, *Carl Erickson,* is indebted to the plaintiff in the sum of two hundred and fifty dollars ($250), under sec. 1087—56 of chapter 48c of the Wisconsin Statutes (sec. 33 of chapter 769, Laws of 1913), because of the defendant's wilful refusal on the 12th day of September, 1918, to deliver to Fred Chaffey and C. P. Hanson, and to permit them or either of them to have the custody or pos-

session of the roll containing the original assessment of the taxable property in the town of South Range for the year 1917.

"2. That said Fred Chaffey and C. P. Hanson on said date demanded of *Carl Erickson,* the defendant, the custody and possession of the roll containing the original assessment in the town of South Range for the year 1917, and that the defendant wilfully refused to permit them or either of them to have either the custody or possession of said roll; that at the time of said demand the defendant was the town clerk of said town of South Range, and in the custody, control, and possession of said roll, and that said Fred Chaffey and C. P. Hanson had theretofore been appointed by the tax commission of Wisconsin to make a reassessment of the taxable property in the town of South Range for the year 1917, and at the time of said demand and refusal were engaged in said town in making said reassessment, and were entitled to have the custody and possession of the roll containing the original assessment of the town for the year 1917.

"Wherefore the plaintiff demands judgment against the defendant for the sum of two hundred and fifty dollars ($250), together with its costs and disbursements."

The defendant and respondent demurred to the complaint for the reason that it appears upon the face thereof that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the case is here on appeal from the order sustaining the demurrer.

For the appellant there was a brief by the *Attorney General* and *E. E. Brossard,* assistant attorney general, and oral argument by *Mr. Brossard.*

For the respondent the cause was submitted on the brief of *Luse, Powell & Luse* of Superior.

KERWIN, J.   The main contention on the part of the respondent to sustain the demurrer is that the statute does not require the town clerk to deliver the tax roll to the persons appointed to make the reassessment, and that in the absence of such positive requirement by the statute no forfeiture was committed in refusing to make the delivery.   In

other words, it is argued that the duty of the town clerk to deliver the tax roll to the persons appointed to make the reassessment arises only by implication, because no duty is expressly imposed by the statute to do so. We think the construction contended for by respondent too technical. The statute provides that persons appointed to make the reassessment shall have access to all public records and files which may be needful or serviceable in the performance of said duties, and while engaged therein shall be entitled to have custody and possession of the roll containing the original assessment in said district and all property and other statements and memoranda relating thereto.

Sec. 1087—56, Stats., provides: ". . . If any person required to perform any duty under sections 1087—46 to 1087—56, inclusive, shall wilfully neglect or refuse to do so, he shall forfeit to the state not less than fifty nor more than two hundred and fifty dollars."

Now since the town clerk has possession of the tax roll, and the persons appointed to make the reassessment under the provisions of the statute are entitled to the tax roll for that purpose, it seems quite clear that the legislative intent was that on demand the town clerk should deliver to such persons appointed to make the reassessment the tax roll and other papers mentioned in sec. 1087—46, Stats. So we are inclined to hold that the complaint states a good cause of action, and that the demurrer should have been overruled. The order appealed from must therefore be reversed.

*By the Court.*—The order appealed from is reversed, and the cause remanded with direction to overrule the demurrer, and for further proceedings according to law.