KNAUS and others, Appellants, vs. ROLLOF and others, Respondents.

*October 11—November 8, 1922.*

*Taxation: Reassessment: Notice required: Presumption: Time within which reassessment may be ordered: Control of tax commission by court: Damage to citizens by reassessment: Redress.*

1. In an action to enjoin the reassessment of a town, brought by taxpayers and others against the town board, an allegation in the complaint that the plaintiffs did not receive notice of the hearing is not sufficient to show that the tax commission did not have jurisdiction, the statute not requiring notice to

any person other than the town chairman and the town clerk; and in the absence of an allegation to the contrary the giving of notice will be presumed.

2. There is no limitation upon the time when the tax commission, under sec. 1087—45, Stats. 1919, may order a reassessment.

3. Upon the filing of a petition with the tax commission for a review of the assessment of a town, pursuant to sec. 1087—45, Stats. 1919, it became the duty of the commission to act on that petition, which was a continuing duty until performed.

4. The tax commission being a special body created to deal with questions of just and equitable taxation, courts will not interfere with its proceedings or in the exercise of its functions unless it appears that its acts are so unreasonable and arbitrary as to indicate a lack of judgment or discretion.

5. No legal damages can follow from the action of public officers in the proper exercise of their duties; and if the tax commission acting within its jurisdiction, and the clerk in carrying out his duties as required, should cause damage to citizens, it is not damage for which there is redress.

APPEAL from an order of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

This is an equitable action brought by the plaintiffs to enjoin the reassessment of the town of Morgan in Oconto county.

The plaintiffs, other than the banks named, are taxpayers in the town of Morgan, and the plaintiff banks are alleged to be financially interested by way of mortgage loans on property in said town. The defendants are the town officers of the town of Morgan.

The complaint alleges that an assessment of the taxable property in such town was duly made in 1919; that the assessment roll was thereafter corrected by the board of review; that the board of review approved the assessment made by the assessor; that thereafter the assessment was spread upon the tax rolls and the taxes for the year 1919 collected; that thereafter an assessment was duly made and spread upon the tax rolls and the taxes for the year 1920 collected; that in April, 1920, two taxpayers of the town

Knaus v. Rollof, 178 Wis. 579.

petitioned the tax commission for a reassessment of the town of Morgan for 1919; that thereafter, on May 13, 1921, the tax commission held a hearing at Oconto Falls, Oconto county, on said application, but that no notice of such hearing was given to the plaintiffs or any of them; that thereafter on the 5th day of July, 1921, the tax commission entered an order for reassessment of the town of Morgan for the year 1919 and appointed assessors for that purpose; that the assessors so appointed made a reassessment in the month of October, 1921, increasing the assessment of the lands owned by the plaintiffs; that on the 26th of October, 1921, the tax commission met in the town of Morgan to equalize the reassessments made by the reassessors, at which time the plaintiffs appeared and denied the jurisdiction of the tax commission to make a reassessment. This objection was ignored by the tax commission.

The complaint further alleges that during the interim between the assessment for 1919 and the time of reassessment in 1921 various properties changed hands in the town, and various other facts to show equity in the plaintiffs. The tax commission and taxing officers under it had full knowledge at all times of the tax proceedings and irregularities therewith. Also that the petitioners for review of such proceedings knew thereof and slept on their rights. The plaintiffs claim that they will suffer irreparable damage by reason of the reassessment of taxes in the town of Morgan for the year 1919, and demand judgment restraining the defendant town clerk from spreading such reassessment on the tax rolls for collection. To the complaint the defendants entered a general demurrer. The court sustained the demurrer, and from the order sustaining the demurrer plaintiffs appeal.

Sec. 1087—45, Stats. 1919, provided as follows:

"Whenever it shall satisfactorily appear to the tax commission upon complaint made by the owner or owners of

taxable property in any assessment district, other than an assessment district within the corporate limits of any city containing more than fifteen such assessment districts, the aggregate assessed valuation of which is not less than five per cent. of the assessed valuation of all of the property in such district, according to assessment next hereinafter mentioned and a summary hearing in that behalf had, that the assessment of property in such assessment district is not in substantial compliance with law and that the interest of the public will be promoted by a reassessment thereof, said commission shall have authority in its discretion to order a reassessment of all or of any part of the taxable property in such district to be made by one or more persons to be appointed for that purpose by said commission. Notice of such hearing specifying the time and place thereof shall be mailed to the chairman and clerk of the town, president and clerk of the village or mayor and clerk of the city, which constitutes or includes such assessment district, not less than eight days before the time fixed for such hearing. The order directing such reassessment and naming the person or persons appointed to make the same shall be filed in the office of the clerk of such district, and a duplicate thereof shall be retained in the office of the commission. A copy of such order shall be transmitted to the assessor of incomes of the county in which such district is located and to each of the persons appointed to make such reassessment and to serve on the board for the review thereof, which shall be legal notice to such persons respectively, of their appointment."

For the appellants there was a brief by *Classon & Whitcomb* of Oconto, and oral argument by *A. J. Whitcomb.*

*John B. Chase* of Oconto and *John J. Colignon* of Green Bay, for the respondents.

CROWNHART, J. The plaintiffs contend (1) that the tax commission never had jurisdiction because the record of the commission fails to disclose the time of mailing notice for the first or preliminary hearing; (2) the tax commission has no authority to order a reassessment after a lapse of

two assessments and two tax-paying periods; (3) it was an abuse of discretion on the part of the commission to order a reassessment for 1919 after two assessments had intervened.

Attached to the complaint and as a part thereof was a copy of the notice purported to have been given by the Wisconsin tax commission, dated the 5th day of May, 1921, and giving notice that the hearing will be held on the 13th day of May, 1921, at 10 o'clock in the forenoon. Also attached to the complaint was a copy of the reassessment order of the tax commission, which recites that "on the 13th day of May, 1921, at 10 o'clock a. m., pursuant to notices duly served as required by law," a preliminary hearing was held.

Sec. 1087—45, Stats. 1919, provides that "notice of such hearing specifying the time and place thereof shall be mailed to the chairman and clerk of the town . . . not less than eight days before the time fixed for such hearing."

The circuit judge in his opinion says that "it is conceded that the notice was mailed at the city of Madison on May 5th, and the hearing was noticed to be held on the 13th day of May." There is no allegation in the complaint that the notice was not mailed on May 5th at Madison to the town chairman and town clerk, nor that they did not receive notice. The allegation in the complaint is to the effect that the plaintiffs did not receive notice. In an equitable action to enjoin the taxes it will be presumed that the tax commission gave the proper notices in the absence of an allegation to the contrary. This presumption is helped out by the copy of the notice and order attached to the complaint and the finding of the trial judge. There is no requirement in the statute that the tax commission should give notice to any other party than the town chairman and the town clerk.

There is no limitation upon the time when the tax commission may order a reassessment. As was said in *State*

*ex rel. South Range v. Tax Comm.* 168 Wis. 253, 169 N. W. 555:

"It is quite evident from the legislation upon the subject that the cardinal thought of the lawmaking body was to provide an efficient means of securing just assessments, and that whenever it is made to appear to the tax commission, in the manner provided by law, that such an assessment has not been made in any assessment district, and that the interests of the public will be promoted by a reassessment, then the commission may, in its discretion, order one to be made."

And again:

"Of course the legislature could fix a definite time within which proceedings should be begun, but it has not done so."

And again:

"The legislation in question seeks a just and equal distribution of tax burdens and should be liberally construed to effectuate that desirable result."

A petition having been duly filed with the tax commission for a review of the assessment of the town of Morgan, pursuant to sec. 1087—45, Stats. 1919, it became the duty of the commission to act on that petition, and that was a continuing duty until performed. As was said by this court in *State ex rel. Baker v. Haugen,* 164 Wis. 443, 446, 160 N. W. 269:

"The tax commission was bound to proceed with the hearing on appeal in the manner provided by statute, and until it so proceeded the appeal was pending and its duty unperformed." Also, see *State v. Erickson,* 168 Wis. 600, 170 N. W. 958.

So it appears that the tax commission acted within its jurisdiction in ordering the reassessment.

The tax commission is a special body created to deal with questions of just and equitable taxation. This court will not interfere with its proceedings or in the exercise of

State ex rel. Union F. H. S. Dist. v. Chaney, 178 Wis. 585.

its functions unless it shall appear that its acts are so unreasonable and arbitrary as to indicate a total lack of judgment or discretion.

There can follow no legal damages from the action of public officers in the proper exercise of their duties. If the tax commission, acting within its jurisdiction as the law authorizes, and the town clerk in carrying out his duties as provided by law, shall cause damage to citizens, it is not damage for which the citizen has redress. Therefore an action will not lie unless it appears that the public officers in some manner exceed their authority.

*By the Court.*—The order of the circuit court is affirmed.