Kelly, Respondent, vs. Wisconsin Tax Commission, Appellant.

*January 16—February 10, 1931.*

640

For the appellant there were briefs by the *Attorney General* and *F. C. Seibold,* assistant attorney general, and oral argument by *Mr. Seibold.*

For the respondent there was a brief by *Gilbert, Ela, Heilman & Raeder,* and oral argument by *John H. Esch, Jr.* and *Roman Heilman,* all of Madison.

FAIRCHILD, J. The taxpayer opposes the additional assessment of income against him in 1927 which became necessary because of a change in the method of accounting used by him, basing his objection on the fact that there is included as income unreported bills and notes receivable claimed by the taxpayer to have been on hand prior to January 1, 1920. His objection to this assessment, however, does not rest upon any claim of previous reporting or assessment.

The provisions of sub. (5) of sec. 71.11, Stats. 1927, fixed a seven-year limitation on the making of additional assessments of income against a taxpayer.

From 1918 to 1924 inclusive the taxpayer made his returns on the cash receipts and disbursements or deferred basis. In 1925 he voluntarily changed his method of accounting and filed his income tax returns on the accrual basis, but did not include in the report notes and bills receivable which accrued prior to January 1, 1925, collectible after that date.

The question raised here is, What is the correct amount of accrued net income properly taxable for the year 1925? The Tax Commission urges, and properly, that by reason of the change in the method of accounting from the deferred or cash basis to the accrual basis that all items such as accounts and notes receivable should have been reported in the return of that year. The income in dispute is made up of receivables amounting to $30,000.

Had the taxpayer continued on the deferred basis of reporting his income, these sources of cash (so deferred under his old method of reporting) would have been reflected in his income reports for the years in which the cash was collected. These accounts were income to be reported as such for the year in which the taxpayer changed from the deferred to the accrual system.

Inasmuch as the first and proper time for reporting this income is the year in which the change occurred, it is unnecessary to determine the specific year in which the items came into the possession of the taxpayer. The tax authorities could not treat them as income prior to 1925.

The statute of limitations operates to bar additional assessments only when made more than seven years after the close of the period covered by the income tax returns. The return of 1925 was the first return in which the state could have required this income to appear for the purpose of taxation. The state's right to correct the assessment or to make an additional assessment accrued in that year and consequently is not barred by the statute of limitations.

Another point raised by respondent is the lack of showing in the record of a formal additional assessment and that the audit report of May 10, 1927, constitutes, for the purposes of this case, the assessment, and by reason thereof the assessment is covered by the Statutes of 1925, which were then in force, instead of the Statutes of 1927, which became effective August 17, 1927. The audit of respondent's tax was completed May 10, 1927; the hearing before the board of review was held November 23, 1927.

It is true that the record does not formally show the action taken by the assessor of incomes in making the assessment of additional income on the basis of the audit, nor does it show the giving of notice of additional assessment to respondent. It does disclose, however, that respondent appeared generally at the hearing before the tax board of review, that no objections were there raised, and the only matter considered was the correctness of the additional assessment. The assumption warranted by the record is that the respondent had been notified of an additional assessment made against him and that he was there to contest it. The board of review in its findings of December 31, 1927, recites: "The assessor of incomes was legally justified in making an assessment against the taxpayer on account of income accruing prior to the year 1924 but appearing in the form of accounts receivable and the like, and which has not been reported as income up to the present time." The board of review directed an assessment to be made in accordance with its findings. The presumptions in favor of the regularity of the acts of taxing authorities are strong, and under the facts and circumstances here presented we will presume that an assessment of additional income was regularly made against respondent and that he was sufficiently and duly notified thereof. *Park Falls L. Co. v. American A. Co.* 189 Wis. 239, 207 N. W. 300; *Evenson v. State,* 186 Wis. 312, 319, 202 N. W. 849; *Knaus v. Rollof,* 178 Wis. 579, 190

N. W. 463; *State ex rel. Smith v. Gaylord,* 73 Wis. 306, 41 N. W. 518.

The assessment being based upon new facts and upon income of respondent admittedly not previously reported, is not in any sense the result of a substitution of a different method of accounting by the Tax Commission or by any other taxing authority. The respondent admits that a large amount of income was unreported and is subject to taxation and objects only to the items here discussed. The cases of *State ex rel. Schuster Realty Co. v. Wisconsin Tax Comm.* 184 Wis. 175, 197 N. W. 585, 199 N. W. 48, and *Wisconsin Ornamental I. & B. Co. v. Wisconsin Tax Comm.* 202 Wis. 355, 229 N. W. 646, 233 N. W. 72, have no application to the facts existing here.

*By the Court.*—The order of the circuit court is reversed, with directions to affirm the assessment.